Rel: July 2, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

### CL-2026-0007

_____

### Septemba Kinnaird

### v.

### CNU of Alabama, LLC

### Appeal from Madison Circuit Court
### (CV-25-171)

FRIDY, Judge.

Septemba Kinnaird appeals from an order of the Madison Circuit Court ("the circuit court") purporting to deny her motion to vacate an arbitration award that an arbitrator had entered against her and in favor

of CNU of Alabama, LLC ("CNU"). For the reasons set forth herein, we vacate the circuit court's judgment and dismiss the appeal.

Background

This action began on October 27, 2025, with Kinnaird's filing in the circuit court of a motion to vacate an arbitration award. In her motion, Kinnaird asserted that she had obtained an account with CNU pursuant to a consumer credit agreement into which CNU and she had entered. She asserted that, two days after the agreement was executed, she had tendered full payment to CNU, which CNU declined. She said that, after declining her payment, CNU initiated withdrawals from her account that she had not authorized. Those withdrawals, she said, led to the contract dispute that was submitted to arbitration pursuant to the parties' agreement.

According to Kinnaird, during the arbitration, CNU filed a dispositive motion, to which Kinnaird filed a response. She attached to her motion to vacate the arbitration award a copy of her response to CNU's dispositive motion but not a copy of the dispositive motion. Kinnaird indicated that, on October 16, 2025, the arbitrator granted

CNU's dispositive motion. She attached a copy of the arbitrator's order to her motion. In pertinent part, the order reads:

"Respondent [CNU] filed its Dispositive Motion on September 15, 2025 and Claimant Septemba Kinnaird filed Claimant's Formal Opposition to [CNU]'s Dispositive Motion on September 21, 2025.

"Pursuant to the Report of Preliminary Management Hearing and Scheduling Order dated August 4, 2025, and American Arbitration Association Consumer Rule 31, I determined that the Dispositive Motion should be allowed. Accordingly, I reviewed both [CNU]'s Motion and all supporting evidentiary materials, and [Kinnaird]'s Formal Opposition.

"After reviewing the above-described information, I have decided that [CNU]'s Dispositive Motion is due to be granted.

"The concise written reasons for my decision are:

"1)    There was a binding contract between the parties to this arbitration;

"2)    [CNU] performed all of its contractual obligations;

"3)    [Kinnaird] breached the contract by not repaying the money that she borrowed or the interest due;

"4)    [CNU] was damaged in the amount of $4,038.94 due to [Kinnaird's] failing to repay the debt according to the contract's terms.

"5)    [Kinnaird]'s purported payment of the debt was not U.S. Dollars as required by the contract.

"6)    [Kinnaird]'s argument that she made a 'tender of payment' of a negotiable instrument that satisfied the debt is

3

frivolous, and was previously rejected by two federal court cases, Kinnaird v. Capital One, and Kinnaird v. AT&T. In AT&T, the Court described [Kinnaird]'s substantially similar theories to what she raises here as 'utter nonsense.' In Capital One, [Kinnaird]'s substantially similar theories were rejected as frivolous. [Kinnaird] had the benefit of these legal opinions before initiating this arbitration, but proceeded to initiate it anyway. Accordingly, I find that [Kinnaird] acted in bad faith in bringing frivolous claims against [CNU] in this arbitration.

"7)    [CNU] shall file any motion for its reasonable attorneys' fees by October 24, 2025.

"8)    [Kinnaird] shall file any opposition to [CNU]'s motion for attorneys' fees by October 31, 2025.

"Other than [CNU]'s motion for attorneys' fees, this award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted or preserved (attorney's fees) are hereby denied."

As grounds for vacating the arbitrator's award, Kinnaird asserted (1) that the arbitrator had engaged in misconduct by granting CNU's dispositive motion before the evidentiary hearing, thereby depriving her of a fair hearing; (2) that the arbitrator's ruling denying her an evidentiary hearing while labeling her claims as frivolous and as having been made in bad faith created at least an appearance of partiality that undermined the integrity of the proceeding; and (3) that the arbitrator exceeded his authority by issuing an award without first holding a

4

hearing. Kinnaird sought an order vacating the arbitrator's award and requiring that a new arbitration be held before a new arbitrator.

On November 18, 2025, Kinnaird filed a supplement to her motion to vacate the arbitration award. According to that supplement to her motion, on November 14, 2025, the arbitrator issued a "Final Award" in which he added an attorney-fee award of $4,038.94 against Kinnaird to his prior award, for a total award in favor of CNU of $8,077.88. Kinnaird asserted that the agreement between the parties allowed an attorney fee to be awarded only for bad faith as measured by the standard set forth in Rule 11(b), Fed. R. Civ. P., and that the award contained no analysis or findings supporting an attorney-fee award under that standard. She also argued that the amount awarded as attorney's fees was arbitrary and unexplained. She wrote that the award reinforced the arbitrator's evident partiality and that the arbitrator had received no additional evidence and had failed to address her objections to CNU's attorney-fee petition. Kinnaird attached to her supplement to her motion to vacate the award a copy of the arbitrator's final award. In that order, the arbitrator restated his findings from his previous order, including the finding that Kinnaird had "acted in bad faith in bringing frivolous claims" against

5

CNU, and he addressed CNU's petition for an award of attorney's fees. On the same day she filed her supplement to her motion to vacate the award, Kinnaird filed a motion to stay enforcement of the arbitration award pending resolution of her motion to vacate the award.

On November 24, 2025, the circuit court entered an order purporting to deny Kinnaird's motion to vacate the arbitration award and an order denying her motion to stay enforcement of that award. Kinnaird filed a timely appeal.

Analysis

Rule 71B, Ala. R. Civ. P., sets forth the procedure for appealing an arbitration award. It provides:

> "(a) Who May Appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.

> "(b) When Filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.

> "(c) Where Filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.

6

"(d) What Filed. With the notice of appeal, the appellant shall file a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators, along with the submission to the arbitrator or arbitrators and any supporting documents or record of the proceedings, if available. If no record is available, the appellant shall so state. If a record is to be prepared but is not completed within the time provided in paragraph (b) of this rule, the appellant shall so state in the notice of appeal and shall file the record within thirty (30) days after the filing of the notice of appeal, unless the court for good cause shown shall allow additional time.

"(e) How Served. If the arbitration arose out of a pending action, service shall be made as provided in Rule 5[, Ala. R. Civ. P.]. If there is no action pending, service shall be made as provided in Rules 4 through 4.4, [Ala. R. Civ. P.,] and upon any counsel who appeared in the arbitration for the party being served.

"(f) Procedure After Filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, [Ala. R. Civ. P.,] a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.

"(g) Appellate Review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama Rules of Appellate Procedure."

Our supreme court has summarized the procedure under Rule 71B:

7

"(1) A party must file a notice of appeal with the appropriate circuit court within 30 days after service of the notice of the arbitration award; (2) the clerk of the circuit court shall promptly enter the award as the final judgment of the circuit court; (3) the aggrieved party may file a Rule 59, Ala. R. Civ. P., motion to set aside or vacate the judgment, and such filing is a condition precedent to further review by any appellate court; (4) the circuit court grants or denies the Rule 59 motion; and (5) the aggrieved party may then appeal from the circuit court's judgment to the appropriate appellate court."

Guardian Builders, LLC v. Uselton, 130 So. 3d 179, 181 (Ala. 2013).

In this case, Kinnaird did not file a document titled "notice of appeal," so the first issue we must consider is whether she properly commenced her appeal of the arbitration award in the circuit court. We conclude that she did.

In Guardian Builders, LLC, the parties that lost an arbitration proceeding (collectively "Guardian") sought to appeal the arbitration award at issue there. Id. Guardian initiated its challenge to the arbitration award in the circuit court by filing a motion to vacate or modify the award; it did not file a document titled "notice of appeal." Id. Our supreme court concluded that that document was sufficient under Rule 71B to constitute a notice of appeal of the arbitration award, writing:

8

"In this case, Guardian never filed with the circuit court a document titled a 'notice of appeal.' Rather, Guardian attempted to appeal from the arbitration award by filing with the circuit court a motion to vacate or modify the arbitration award, which Guardian filed within 30 days of the entry of the award. The Useltons [(the parties that were successful in the arbitration)] argue that Guardian does not have a right to appellate review because Guardian did not file a notice of appeal; instead, it filed only a motion to vacate or modify. Conversely, Guardian argues that its motion to vacate or modify the arbitration award may be construed to be both a notice of appeal and a Rule 59[, Ala. R. Civ. P.,] motion, filed pursuant to Rule 71B[, Ala. R. Civ. P.].

"In J.L. Loper Construction Co. v. Findout Partnership, LLP, 55 So. 3d 1152 (Ala. 2010), this Court addressed a similar situation. In Loper, an arbitrator entered an award in favor of Findout and adverse to Loper. Loper filed with the circuit court a motion to set aside the award. Findout subsequently moved the circuit court to confirm the award, and Loper filed a motion to enjoin Findout from attempting to collect the award. Although Loper did not file a 'notice of appeal,' the circuit court treated the motions filed by Loper -- the motion to set aside the award and the motion to enjoin enforcement of the award -- '"as an appeal of th[e] award"' under Rule 71B. 55 So. 3d at 1157 (quoting circuit court's order). The circuit court ordered the clerk of the circuit court to enter the arbitration award as the judgment of that court in accordance with Rule 71B(f). The circuit court then considered Loper's motion to set aside, i.e., its Rule 59 motion, and granted that motion. Findout appealed to this Court.

"In Loper, this Court did not conclude that Loper's failure to file a separate document titled a 'notice of appeal,' in addition to the two motions filed by Loper, precluded further appellate review. Instead, it noted that the circuit court had considered Loper's motions challenging the arbitration award as a notice of appeal of the award. This

9

Court then reviewed the merits of the circuit court's judgment setting aside the arbitration award and reversed that judgment. Thus, based on Loper, the circuit court in this case could have treated Guardian's motion to vacate or modify as a notice of appeal. Guardian attached to that motion a copy of the arbitration award and served a copy of the motion on the Useltons; that motion provided notice that Guardian was appealing the award. We construe Guardian's motion as a notice of appeal in this case; however, we emphasize that, to avoid potential confusion, a party desiring appellate review of an arbitration award should follow the explicit procedure for appealing established by Rule 71B."

Id. at 181-82.

In the present case, Kinnaird filed her motion to vacate the award within thirty days of the arbitrator's order granting CNU's dispositive motion, and the circuit court treated Kinnaird's motion to vacate as a filing that was sufficient to initiate a civil action. The case-action-summary sheet indicates that the circuit court issued a summons by certified mail. Kinnaird filed her supplement to her motion to vacate the award -- which addressed the arbitrator's "final award" -- within five days of the arbitrator's entry of that award. Kinnaird's motion to vacate the award and her supplement to that motion indicate that those documents were served, respectively, on counsel for CNU and on CNU. In those documents, Kinnaird made clear that she was challenging the arbitration award. Instead of dismissing Kinnaird's motion to vacate the award as

10

supplemented as improperly filed, the circuit court denied that motion. Given these circumstances, we conclude, based on our supreme court's analysis in <u>Guardian Builders, LLC</u>, that Kinnaird's motion to vacate the award and her supplement to that motion served as a notice of appeal of the arbitrator's award under Rule 71B.

Turning to a separate issue, Rule 71B(f) requires that, after an appeal of an arbitration award has been filed, the circuit clerk promptly enter the arbitration award as the final judgment of the circuit court. In <u>Guardian Builders, LLC</u>, the circuit clerk failed to do so. As to the effect of that failure, our supreme court wrote:

> "[A]fter Guardian appealed to the circuit court, <u>i.e.</u>, after it filed its motion to vacate or modify the award, there is no indication that the clerk of the circuit court entered the arbitration award as the judgment of that court as required by Rule 71B(f)[, Ala. R. Civ. P.]. That rule provides that '[t]he clerk of the circuit court promptly shall enter the award as the final judgment of the court' after the filing of the notice of appeal in that court. Rule 71B, which became effective on February 1, 2009, superseded the procedure established by § 6-6-15, Ala. Code 1975. Committee Comments to Rule 71B Effective February 1, 2009 ('[Rule 71B] clarifies the method for taking an appeal from an arbitration award and supersedes the procedure provided by Ala. Code 1975, § 6-6-15.'); and <u>Parham v. American Bankers Ins. Co. of Florida</u>, 24 So. 3d 1102, 1104 n.2 (Ala. 2009). Although Rule 71B superseded the procedure established by § 6-6-15, the two procedures are similar in some respects; that similarity

11

informs our discussion on the effect of the noncompliance with Rule 71B(f) in this case.

"Under § 6-6-15, a party initiated an appeal from an arbitration award by filing a notice of appeal in the circuit court. See generally Horton Homes, Inc. v. Shaner, 999 So. 2d 462, 467 (Ala. 2008) (clarifying and modifying the procedure for appealing an arbitration award under § 6-6-15). Like the current procedure under Rule 71B(f), under § 6-6-15 the clerk of the circuit court was required to enter the arbitration award as the judgment of the circuit court. Under § 6-6-15, as under Rule 71B(f), the aggrieved party could then file a Rule 59[, Ala. R. Civ. P.,] motion asking the circuit court to set aside or to vacate the judgment.

"Under the procedure established by § 6-6-15, it was essential that the circuit court enter the arbitration award as the judgment of the circuit court. That point was illustrated in Parham v. American Bankers Insurance Co. of Florida, supra. In Parham, American Bankers sought review of an arbitration award in the circuit court. However, the clerk had not entered the award as the judgment of the circuit court. The circuit court later entered an order purporting to grant American Bankers' motion to vacate the award. On appeal, this Court vacated the circuit court's order and dismissed the appeal, concluding:

"'We find no indication in the record that the clerk of the Shelby Circuit Court entered the arbitrator's order as the judgment of that court as required under § 6-6-15, Ala. Code 1975; thus, there is no final judgment from which Parham can appeal. Accordingly, the trial court's ... order [purporting to grant the motion to vacate the award] is void and is hereby vacated, and this appeal is dismissed. See Harvey v. City of Oneonta, 715 So. 2d 779, 781 (Ala. 1998) ("A judgment of a court without jurisdiction is void. An

12

> appeal will not lie from a void judgment." (citing, among other cases, <u>Luken v. BancBoston Mortgage Corp.</u>, 580 So. 2d 578 (Ala. 1991))).'

"<u>Parham</u>, 24 So. 3d at 1104. <u>See also</u> <u>Jenks v. Harris</u>, 990 So. 2d 878, 882 (Ala. 2008) (stating that, under § 6-6-15, a circuit court's order purporting to set aside an arbitration award was void because the circuit clerk had not first entered the award as the judgment of the court).

> "Like § 6-6-15, Rule 71B(f) requires the clerk of the circuit court to first enter the arbitration award as the judgment of that court before the circuit court may act on a motion to set aside the award. In this case, there is no indication that the clerk entered the arbitration award as the judgment of the circuit court. Thus, the circuit court's order purporting to deny Guardian's motion to vacate or modify the arbitration award is void. <u>Parham</u> and <u>Jenks</u>. Accordingly, we vacate the order and dismiss the appeal.

> "....

> "In summary, we construe Guardian's motion to vacate or modify the arbitration award of December 21, 2011, as a notice of appeal under Rule 71B, thus effectuating the appeal of the award to the circuit court. However, because the clerk of the circuit court never entered the award as the judgment of that court, the circuit court's order of May 31, 2012, purporting to deny Guardian's motion to vacate or modify is void. Essentially, Guardian's appeal remains pending in the circuit court, awaiting further procedures under Rule 71B."

<u>Guardian Builders, LLC</u>, 130 So. 3d at 182-84.

In this case, although Kinnaird attached the October 16, 2025, arbitration order granting CNU's dispositive motion to her motion to

13

vacate the award and attached the November 14, 2025, final arbitration award to her supplement to her motion to vacate, as in Guardian Builders, LLC, there is no indication in the record on appeal that the circuit clerk entered either of the arbitration awards as the final judgment of the circuit court. As a result, the trial court was not empowered to act on Kinnaird's motion to vacate the award, and its order denying that motion is void. Because a void order will not support an appeal, see Dalton Drug Co. v. OptumRx, Inc., 424 So. 3d 1254, 1262 (Ala. 2025), we are constrained to vacate the order and dismiss the appeal, see Guardian Builders, LLC, 130 So. 3d at 183.

### Conclusion

Because the circuit clerk did not enter the arbitration award as a final judgment of the circuit court, the circuit court was not empowered to resolve Kinnaird's motion to vacate the award. As a result, the circuit court's order denying Kinnaird's motion to vacate the award is void and will not support this appeal. Id. We therefore dismiss this appeal, albeit with instructions to the trial court to vacate its void order and to comply with the procedures set out in Rule 71B. Id.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.